## Williamson Heater Company v. Kaiser.

(Decided November 13, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1.  Husband and Wife—Wife May Contract for Improvements to Realty in Own Name or Through Husband as Agent, in View of Statute.—In view of Kentucky Statutes, section 2127, removing common law disabilities of wife to contract, and manage her real and personal property, and section 2128, permitting wives to be sued as single women and to make contracts for improvements on their realty, a wife may contract for installation of a furnace in residence owned by her, either individually or through an agent whether her husband or not, and she will be held personally liable for improvements to her realty made under contract with her husband as her agent.

2.  Husband and Wife—Wife as Undisclosed Principal May be Held Personally Liable, though Contract Signed by Husband in Own Name.—Petition in action on contract against wife as undisclosed principal, though contract was entered into by her husband in own name as principal, is good against demurrer, under rule that undisclosed principal may be held liable on contract entered into by agent alone, and fact that husband, acting as agent for wife, executed individual notes under contract, does not relieve undisclosed principal from liability, where such acts were done before discovery that husband was acting as agent.

GIFFORD & STEINFELD for appellant.

WALTER"P. LINCOLN for appellee.

Opinion of the Court by Judge Thomas—Sustaining motion for appeal and reversing the judgment.

The appellant and plaintiff below, the Williamson Heater Company, a corporation, brought this ordinary action against the appellee and defendant below, Arizona H. Kaiser, who is the wife of Edward F. W. Kaiser, to

recover of her a judgment for $383.29, the cost price of installing in her residence in Louisville, Kentucky, a furnace and heater. It was alleged, in substance, in the petition as amended, that the contract whereby the materials were furnished and the work done by plaintiff, was entered into by defendant's husband in his own name as principal in the contract, when the truth was that he was acting at the time for an undisclosed principal who was his wife, the defendant Arizona H. Kaiser, and that although plaintiff accepted the contract as executed in his name and performed the work thereunder, and accepted the notes of the husband for the cost price, it did so under the mistaken belief that the husband owned the property and that he was contracting, not as agent for his wife as undisclosed principal, but in his individual capacity; and plaintiff prayed, not for the assertion of a lien against the residence property, but for a judgment against defendant as the undisclosed principal in the contract. A demurrer filed to the pleading as so amended was sustained by the court, followed by a dismissal of the action upon plaintiff's declining to plead further, and to reverse that judgment it filed the transcript in this court, with a motion for an appeal.

It is difficult for us to understand the ground, or grounds, upon which the court sustained the demurrer, and that difficulty is not removed by learned counsel for defendant in his argument made in brief filed in her behalf. He relies on the cases of Fetter v. Wilson, 12 B. Mon. 90; Robinson v. Hoffman, 15 B. Mon. 80, and Heck v. Fisher, 78 Kentucky 643; but those cases as we interpret them have no resemblance whatever to the one presented on the facts alleged in plaintiff's pleading and to which the court sustained defendant's demurrer. In the Fetter case, a lien was sought to be enforced against the wife's property under a contract that the court found she did not make, and which, perhaps, she could not legally make under the applicable statute then prevailing; and for that reason the lien the plaintiff attempted to assert was denied and he was adjudged to take nothing. Furthermore, there was cited in that opinion a statute of 1846 (Sess. Acts 1845-6, 43) which the court construed to mean that in no event could the wife's property be subjected to the lien, unless the contract for the improvement was entered into according to the provisions of that statute, which the court held was untrue in that case. For the same, or similar reasons, the plain-

tiff was denied relief in the Robinson case, and the question here involved, was not presented *at all* in the Heck case, according to our understanding of that opinion. In it, the husband with his own means, and with the quiescence of the wife, erected a dwelling on a portion of the lot to which she held title, not for the purpose of being inhabited by the family, but for the purpose of profits in the way of rentals, and that the improvement was solely for investment purposes and was done with the funds of the husband, with the intent to cheat, hinder and delay his creditors in the collection of their debts, and all with the knowledge and consent of the wife. It was held that the wife, notwithstanding her marital disabilities, would be estopped under the alleged facts to resist or defeat plaintiff's claim. So that, we repeat, we see no analogy between either of those cases and this one. Moreover, it did not appear, and which fact is adverted to in some or all of those opinions, that the property of the wife was her *separate* but only her *general* property.

Since the enactment of our statute (section 2127 and following ones) in 1894, commonly known as the "Weisinger Act," the common law disabilities of the wife to contract, manage and control her property, both real and personal, have been greatly removed and she was thereby made a *feme sole* as to all of her estate; and in section 2128, a part of the same act, it is expressly enacted that "they (wives) may make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or to convey or mortgage her real estate, unless her husband join in such contract . . . and make contracts for the improvement thereof" (her real property).

Hence, having such power to make such contracts she may do so, there being nothing in the statute to the contrary, by herself individually, or by an agent duly authorized for the purpose, and we have so held in a long line of cases too numerous to cite in this opinion, one of the latest of which is Chambers v. Murphy, 192 Ky. 839. In an equal number of opinions, including the Chambers case, we also held that a wife may employ her husband as her agent, there being nothing in the law, or any rule or public policy inhibiting it, and numerous are the cases to the effect that a wife will not only be held personally liable for improvements to her real estate made under contracts with her husband as her agent,

but that her separate property may be put in lien under our statute for such improvements made under contracts so executed. That being true, the next question is whether plaintiff's pleadings were sufficient to entitle it to a judgment against the wife upon the ground that she was principal in the contract, despite the fact that it was entered into solely in the name of her husband.

The principle of law to the effect that the other party to the contract may proceed against an undisclosed principal when the fact is ascertained, although the contract may have been entered into by the agent alone, is likewise elementary, with some few exceptions to which this case does not belong. In 21 R. C. L. 891, paragraph 74, the general rule on the subject is thus stated, "It is thoroughly well established that a principal may be charged upon a written parol executory contract entered into by an agent in his own name, within his authority, although the name of the principal does not appear in the instrument, and was not disclosed, and the party dealing with the agent supposed that he was acting for himself; and this doctrine obtains as well in respect to contracts which are required to be in writing as to those where a writing is not essential to their validity." To the same effect is the text in 2 Corpus Juris, pages 840 and 841, and we know of no text writer, or any court in the union denying that principle of law relating to the subject of contracts made by agents. Some of the numerous cases in this court so holding are Violet v. Powell, 19 B. Mon. 347; Wilson v. Thompson, 1 Met. 123; Wedekind v. Kennedy, 11 Ky. L. R. 256; Ware v. Long, 24 Ky. L. R. 693; Geary v. Taylor, 166 Ky. 501, and the Chambers case, *supra*. The averments in plaintiff's pleading bring his cause of action squarely within the doctrine, and they must be accepted as true upon demurrer. Nor can the fact that the contract in this case was in writing and signed by the agent alone, plus the further fact that the husband, acting as agent for his wife, as alleged, executed his individual notes for the contract price of the improvements, relieve the case from the operation of that rule, since it appears from plaintiff's pleading that all of those acts were done before it made the *discovery* that the husband was so acting as the agent of his undisclosed principal, the defendant.

Wherefore, the motion for the appeal is sustained, the appeal is granted and the judgment is reversed, with

directions to set it aside and to overrule defendant's demurrer to the petition as amended, and for further orders consistent with this opinion.