Edna Marie SOWARDS, Appellant,

v.

ASHLAND LUMBER COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 16, 1960.

Charles E. Lowe, Pikeville, for appellant.

Hobson & Stephens, Dan Jack Combs, Henry D. Stratton, Pikeville, for appellees.

WADDILL, Commissioner.

The judgment entered in these consolidated actions awarded the appellees, Belknap Hardware and Manufacturing Company, Inc., Ashland Lumber Company, B. & L. Furniture Company, and Pikeville Hardware Company the sums of $3,124.93, $1,006.38, $479.90 and $424.38, respectively, against Edna Marie Sowards. She has appealed from the judgment in favor of Belknap Hardware and Manufacturing Company, and has moved for appeal from the judgments obtained by the other appellees.

Appellees brought separate actions against Edna Marie Sowards, owner of the Down Town Motel, seeking to recover the amounts due them for merchandise ordered by her husband, Alfred Sowards, who was allegedly operating the motel as her agent.

By answer Edna Marie Sowards denied the alleged agency and asserted that the debt was a personal obligation of her husband.

The trial judge, sitting without a jury and after hearing the evidence, found that (1) the Down Town Motel was owned by Edna Marie Sowards and was operated by her and her husband during the time the purchases in question were contracted, and that (2) she asserted ownership of the merchandise after it had been delivered to and used in the operation of her motel. Upon these findings the trial court concluded that appellant's husband had acted as her agent in contracting the debts.

Appellant's main contention is that there is no evidence that she authorized her husband to make the purchases from appellees or that she ratified his acts, and, therefore, the findings to the contrary are erroneous. While there is no direct evidence that appellant instructed her husband specifically to purchase the merchandise, it was shown that appellant's husband was managing the motel on her behalf and that the merchandise was delivered to and used in connection with the operation of her motel. These circumstances were sufficient to support the finding that appellant's husband was her agent in operating her motel. Williamson Heater Co. v. Kaiser, 211 Ky. 192, 277 S.W. 237; 2 C.J.S. Agency §§ 96 and 99; Restatement of Agency, (2), Section 73(e), page 189. Therefore, appellant is liable for these debts under agency principles, whether or not their incurrence was made within the scope of her husband's apparent authority, since she asserted ownership of the merchandise purchased from appellees, thereby claiming the benefits of these contracts. Henry Vogt Mach. Co. v. Lingenfelser, 62 S.W. 499, 23 Ky.Law Rep. 38.

Appellant contends also that the Pike Circuit Court did not have jurisdiction of the subject matter of these actions because the claims asserted by appellees had been discharged by appellant's husband's adjudication in bankruptcy. The fallacy of this contention is that the debts herein incurred were not the obligations of appellant's husband, but were her debts. Since the liability of appellant was not affected by her husband's bankruptcy proceeding, the plea that appellant's husband was adjudicated a bankrupt has no application.

Appellant further contends that the trial court erred in adjudging the appellee, Ashland Lumber Company, a materialman's lien on her motel because it had not "contracted with the owner [of the motel] or his agent" as required by KRS 316.010. This contention is unavailing since we have determined that appellant's husband contracted with appellee as her agent. Whitaker v. Howell & Goins, 283 Ky. 738, 143 S.W.2d 179.

Wherefore, the motions for appeal are overruled and the judgment is affirmed.